UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PAULA GUNN, et al., individually, and on behalf of all others similarly situated

PLAINTIFFS

v.   CIVIL ACTION NO. 3:07-CV-181-S

AMERICAN MEMORIAL
LIFE INSURANCE COMPANY, et al.

DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court upon the motion of the plaintiffs, Paula Gunn, Roger Gunn, and Rosella Voll, individually and on behalf of all others similarly situated, for the court to enter an Order of Voluntary Dismissal, without prejudice. Defendant, American Memorial Life Insurance Company, objects to the motion, and also asks the court to enter an injunction staying all proceedings in *Young, et al. v. Am. Mem'l Life Ins. Co., et al.*, No. 05-CI-04291, currently pending in the Jefferson Circuit Court, Louisville, Kentucky.

### BACKGROUND

At the time Plaintiffs filed this instant action, *Gunn*, there was pending a nearly identical class action complaint against Defendant in Jefferson Circuit Court, styled *Young, et al. v. Am. Mem'l Life Ins. Co., et al.*, No. 05-CI-04291, which was filed in May 2005. A class certification hearing in *Young* was held in September 2006 before Judge Kemper. Judge Kemper subsequently left the bench without ruling on class certification. The case was transferred to Judge Shaw. However, in March 2007, Judge Shaw recused herself upon defense counsel's request. It had come to light that the parents of Judge Shaw's staff attorney, who was working on the class certification issue, were potential members of the putative class.

Following Judge Shaw's recusal, the named plaintiffs in the case at hand contacted the plaintiffs' counsel in *Young* and requested counsel proceed with a separate action in their names, so

that their claims would not be barred by the statute of limitations. Counsel filed a complaint on behalf of Paula Gunn, Roger Gunn, and Rosella Voll, intending that their case be consolidated with *Young*. Yet, soon after filing *Gunn*, Plaintiff's counsel received an order from Judge Shake certifying the *Young* class action. Following notice of certification, Defendant removed *Gunn* to federal court. Plaintiffs now seek to have this case dismissed.

## ANALYSIS

Under Fed. R. Civ. Proc. 41(a), a plaintiff may file a motion to voluntarily dismiss his case. Pursuant to *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716 (6th Cir. 1994), such a motion should only be denied where a defendant can show plain legal prejudice flowing from the dismissal. *Id.* at 718. "In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* Given that a dismissal under Fed. R. Civ. Proc. 41(a) is one without prejudice, these factors take into consideration the time, effort, and money defendants have spent in preparing for trial.

Defendant primarily argues that the court must deny Plaintiffs' motion for voluntary dismissal, and enjoin *Young,* because *Young* "threatens to frustrate proceedings and disrupt the orderly resolution" of the case at hand given that Congress expressly provided this court with jurisdiction over *Gunn* through the Class Action Fairness Act of 2005. 28 U.S.C. § 1332(d). The court finds no merit in this argument. The standard for granting a motion for voluntary dismissal does not consider whether the court maintains jurisdiction over the case in question. It only considers whether a defendant will suffer plain legal prejudice from a dismissal, which as explained above, is normally limited to considerations of time, effort, and money. As explained in more detail below, it appears that courts have only deviated from this standard in instances where dismissal would lead to abuse or frustration of the judicial system.

Defendant fails to make a showing of plain legal prejudice. It does not argue excessive cost or effort expended in the case at hand; it does not assert inaction on the part of Plaintiffs; it does not contend that Plaintiffs provide an insufficient explanation for dismissal; and it has not filed a motion for summary judgment. Moreover, those cases cited by Defendant as supporting the contention that dismissal would result in abuse or frustration of the judicial system are distinguishable from this instant action.

In *Moody v. Cooper Industries, Inc.*, No. 03-158-JBC, 2006 WL 1207703 (E.D. Ky. May 3, 2006), the court denied the plaintiffs' motion for voluntary dismissal, because granting such a motion would have permitted "them to split their claims and maintain separate suits based on different consequences of the same exposure, *which is contrary to Kentucky law*." *Id.* at *12 (emphasis added). But, by granting Plaintiffs' motion in the case at hand, we will not be enabling any illegal action. In *Myers v. Hertz Penske Truck Leasing, Inc.*, 572 F. Supp. 500 (N.D. Ga. 1983), the court refused voluntary dismissal, because dismissing the case would have allowed plaintiffs to proceed in a nearly identical state court action, which was filed *after* the plaintiff's first action was removed to federal court. The court's decision was based on its reasoning that the nearly identical, subsequent suit filed in state court was an attempt to subvert the purposes of the removal statute and evade federal jurisdiction.  Here, the nearly identical action in state court, *Young*, was filed *before* Defendant removed *Gunn*, making it unlikely that Plaintiffs are forum shopping. For the same reason, we reject Defendant's cite to *Virgil v. Montgomery*, 353 F.Supp.2d 620 (E.D.N.C. 2005) (denying a motion for voluntary dismissal partially based on considerations of forum shopping and partially based on the existence of significant discovery in the case).

Meanwhile, *Hinkle's Jeep Sales, Inc. v. Villa Enterprises, Inc.*, 90 F.R.D. 49 (S.D. Fla. 1981), deals with subsection (1) of Fed. R. Civ. Proc. 41(a), providing for voluntary dismissal absent a court order, if (i) the defendant has yet to file an answer or motion for summary judgment or (ii) upon stipulation of the parties. But here, because Defendant has filed an answer and objects to a

dismissal, Plaintiffs bring their motion under subsection (2) of Rule 41(a), which places dismissal within the discretion of the court. Furthermore, to the extent *Villa Enterprises* discusses in dicta the court's distaste for plaintiffs who utilize Rule 41(a) as a tool to frustrate removal, we reiterate that there is no evidence before us suggesting that Plaintiffs' motion is an attempt to evade our jurisdiction. Thus, *Villa Enterprises* is inapplicable.

The final case relied upon by Defendant is *Allen v. Exxon Corp.*, 102 F.3d 429 (9th Cir. 1996), in which the Ninth Circuit found that the district court had not abused its discretion in denying a Rule 41(a) motion. The district court in *Allen* stated three reasons for denying the motion:

> (1) The court considered most of the motions to be thinly-veiled attempts to avoid discovery;
>
> (2) Because the future viability of the classes certified by the state court was problematic, the court found that each plaintiff should remain a named plaintiff in at least one action to avoid future need for substantial refiling of actions should the classes be decertified;
>
> (3) Allowing dismissal after the defendants had spent two and a half years and substantial amounts of money to obtain discovery would prejudice the defendants.

*Id.* at 432. As explained above, (1) and (3) are not argued by Defendant, which leaves us with (2). Reason (2) deals with prejudice to plaintiffs. However, the standard set forth in *Grover* for granting a motion to voluntarily dismiss only considers prejudice to *defendants*. *Exxon Corp.* is not controlling in this Circuit, and we will not extend *Grover* to include its reasoning. Moreover, given that Plaintiffs have moved to voluntarily dismiss their case, we see no reason to be concerned with any possibility that Plaintiffs may have to re-file their claims should the *Young* class be decertified. This is a risk Plaintiffs assume.

Because Defendant has not shown that it will suffer any plain legal prejudice from dismissal or that dismissal will result in abuse or frustration of the judicial system, Plaintiffs' motion for voluntary dismissal will be granted. As such, Defendant's motion for an injunction staying the

*Young* action is moot and will be denied. A separate order consistent with this opinion will be entered this date.